**Ramon Jose GARCIA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–70477.

United States Court of Appeals, Ninth Circuit.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 12, 2013.*

Filed March 21, 2013.

Holly Stafford Cooper, Esquire, Law Offices of Holly Cooper, Davis, CA, for Petitioner.

Ramon Jose Garcia, Eloy, AZ, pro se.

AZP–District Director, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. LeFevre, Office of The District Counsel, Department Of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Ramon Jose Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Aguiluz–Arellano v. Gonzales,* 446 F.3d 980, 983 (9th Cir.2006), and we deny the petition for review.

The BIA properly found Garcia removable under 8 U.S.C. § 1227(a)(2)(B)(i) based on his guilty plea conviction under California Health and Safety Code § 11377(a) for possession of a controlled substance where the record of conviction establishes that the controlled substance underlying Garcia's conviction was methamphetamine. *See Ramirez–Villalpando v. Holder,* 645 F.3d 1035, 1040 (9th Cir.2011) ("We have permitted reliance on an abstract of judgment in combination with a charging document to establish that the defendant pled guilty to a generic crime under the modified categorical approach.").

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

